SARAH KELLY, plaintiff in error, *vs.* HENRY P. BROOKS *et al.*, defendants in error.

This case comes within the decision in the case of *Alfred Prescott vs. M. G. Bennett et al., ante,* 266, and as seven years had not expired since the judgment was obtained, which had been vacated and de-clared void by an order of Court on the ground that it was founded on a contract for the hire of a slave, and as the judgment was therefore not dormant at the time the motion was made to set aside and revoke such order, it was error in the Court to refuse the motion.

Constitutional law.   Statute of limitations.   Judgments. Before Judge KIDDOO.   Mitchell Superior Court.   May Term, 1873.

Kelly *vs.* Brooks *et al.*

Sarah Kelly recovered a judgment against Henry P. Brooks and Moses Pullen for $280 00, principal, besides interest and cost, in Mitchell Superior Court, on November 14th, 1866. At the November term, 1869, on motion of the defendant, the judgment was vacated, the order reciting that "it was obtained upon a contract for the hire of a negro slave previous to June, 1865," as the cause of such action. At the May term, 1873, a motion was made by the plaintiff to vacate said order. The motion was overruled, and plaintiff excepted.

J. J. BRADFORD; WILLIAM E. SMITH, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

In the case of *Prescott vs. Bennett et al., ante,* 266, the motion to set aside the order vacating the judgment was made within three years from the time the order was granted, and also before the judgment which was set aside was dormant. In the opinion pronounced by WARNER, Chief Justice, in that case, there was no limitation as to time on the right of the movant to make the motion to set aside. See, also, his dissenting opinion in the case of *Tison vs. McAfee, ante,* 279. My own opinions in both of those cases were, that there was a limitation to this right, and that the motion must be made within one of two periods—either within three years, in analogy to the time required for filing a bill for a new trial, or within that period in which the right, or the right of action growing out of the matter which is *sub judice,* would be barred or become dormant by the statute of limitations. In neither of those cases was it necessary to determine which of the two rules was the proper one, as under either rule the same judgment would have been rendered. But it was very clearly indicated, so far as concerned my own opinion, that the last rule stated should govern, and the reasons for that opinion were given in each case.

In this case, the motion to set aside the vacating order was not made until after the expiration of three years from the time it was granted, but was made before the judgment, which had been declared vacated, had become dormant. This brought the motion within the proper period, and it should have been granted.

I refer to the two cases cited for the reasons which, in my judgment, make the above rule the right one for construing sections 3587, 3588 and 3589 of the Code, and for ascertaining the proper meaning of the words, "a motion to set it aside (a judgment) may be made *at any time within the statute of limitations.*"

Judgment reversed.